IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ray Edward Chestnut, | ) | C/A No.: 1:25-12783-CMC-SVH |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Warden Terri Wallace, | ) | RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| | ) | |

Ray Edward Chestnut ("Petitioner"), proceeding in forma pauperis, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition.

I.  Procedural and Factual Background

Petitioner is incarcerated in the custody of the South Carolina Department of Corrections ("SCDC") after being sentenced on unspecified state charges on July 15, 2025. [ECF No. 1]. Prior to his state charges, Plaintiff was convicted in this court in *United States v. Chestnut*, No, 4:05-1044-RBH ("*Chestnut I*"). Petitioner was released from federal custody on September 12, 2022. *Chestnut I* at 1168. Petitioner argues his continued

detention is unconstitutional because the District Court did not advise him in *Chestnut I* that his conviction could enhance a future sentence in state court. [ECF No. 1 at 2]. He alleges his current state sentence "was enhanced using federal conviction w/o notice." *Id.* He argues this violated his due process rights and that he is "actually innocent of enhanced sentence." *Id.*

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

reasonably read the pleadings to state a valid claim on which a pro se party could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    § 2241 Petition Improper

Petitioner filed a petition for a writ of habeas corpus on a 28 U.S.C. § 2241 form. [ECF No. 1]. Plaintiff is challenging whether his sentence is constitutional and therefore, the petition should properly be brought pursuant to § 2254. Given Plaintiff's specific allegations, it appears his claim should be recharacterized as being brought pursuant to 28 U.S.C. § 2254, as opposed to § 2241. If Petitioner objects to this recharacterization of the motion, he may withdraw his petition. However, if Petitioner objects to the court's recharacterization of the petition and declines to withdraw the petition, the court is still bound by *In re Wright* to construe the petition as brought pursuant to § 2254 and will apply the same statutory constraints.

        2.    Failure to Exhaust[2]

---

[2] The undersigned notes that § 2241 also has requirements for exhaustion that Petitioner has not met.

Before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). A person in custody in South Carolina may attack the validity of his conviction and sentence either: (1) through a direct appeal, or (2) by filing an application for PCR. Pursuant to state law requires, the person in custody must state all grounds for relief in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requires the person in custody to fairly present to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)).

Generally, "a district court, at the pleadings stage, may not dismiss a claim based on the petitioner's failure to affirmatively show exhaustion," *Foster v. Warden of Tyer River Corr. Inst.*, C/A No. 17-945-TMC, 2018 WL 451720, at *1 (D.S.C. Jan. 17, 2018), as failure-to-exhaust serves as an affirmative defense that may be forfeited if not pled. However, this general

rule is not without exception, as "a prisoner's complaint may be dismissed for non-exhaustion in the rare case where failure to exhaust is apparent from the face of the complaint." *Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017) (internal quotations omitted); *see also Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies."). "Cases filed in this District and Circuit on habeas grounds are routinely dismissed on initial review for failure to exhaust state remedies where the failure-to-exhaust is clear from the face of the petition." *Owens v. Cohen*, C/A No. 4:20-2945-MBS-TER, 2020 WL 6065411, at *2 (D.S.C. Sept. 15, 2020), report and recommendation adopted by 2020 WL 6064544 (Oct. 14, 2020) (citing *Jones v. Williams*, No. 1:18-3320-JMC-SVH, 2019 WL 831120, at *2 (D.S.C. Jan. 8, 2019), report and recommendation adopted by 2019 WL 804785 (D.S.C. Feb. 21, 2019); *Jones v. Unknown*, C/A No. 7:06-601, 2006 WL 2995625, at *1 (W.D. Va. Oct. 17, 2006) (holding that petitioner's "failure to exhaust state remedies mandates summary dismissal of the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases").

    Here, it is clear from the face of the petition that Petitioner has not exhausted his state remedies, as he indicates he has not appealed the decision and indicates the sentencing took place on July 15, 2025. Petitioner

appears to believe that because he is arguing the District Court made a mistake, he is not required to pursue a direct appeal or PCR. However, Plaintiff can argue in state court that the District Court's failure to advise him of the effect of his conviction makes his state-law enhancement unconstitutional. Petitioner has not argued an absence of available state corrective process or that circumstances render such process ineffective to protect his rights. Thus far, Petitioner has not afforded the state its required opportunity to resolve any Constitutional issues. Therefore, the undersigned recommends the court dismiss the petition based on Petitioner's failure to exhaust state remedies.

3. No Legal Authority

Petitioner's habeas petition is also subject to summary dismissal as he has provided no authority for the proposition that there is a constitutional duty for a court to warn a defendant of the effect his conviction may have on future crimes. The undersigned is persuaded by the reasoning by other courts that have viewed similar allegations. *U.S. v. Robinson*, No. 6:16-3226-JMC, 2019 WL 4409462 (D.S.C. Sept. 16, 2019). (finding no constitutional violation when an attorney failed to advise a guilty plea could result in a later sentencing enhancement for a future crime because "there is no 'constitutional duty to advise the client as to how he might best continue his criminal activity while minimizing his risk of future punishment.'") (quoting

*United States v. Reeves*, 695 F.3d 637, 640 (7th Cir. 2012)); *Cameron v. U.S.*, No. 20-CV-1708-JPS, 2022 WL 280812, at *3 (E.D. Wis. Jan. 31, 2022) (same); *Brooks v. U.S.,* No. 5:11CR41, 2014 WL 5091973, at *12 (N.D.W.Va. Oct. 9, 2014).

Although Plaintiff argues the District Court's failure to advise him is a fundamental defect because "but for the Federal Court's failure to warn me, the enhancement would not have occurred." [ECF No. 1 at 6]. The undersigned disagrees; rather, the enhancement could have been avoided if Plaintiff had not participated in further criminal activity.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge dismiss this petition.

IT IS SO RECOMMENDED.

October 10, 2025
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).