IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Ray Edward Chestnut,<br><br>                      Petitioner,<br>vs.<br><br>Warden Terri Wallace,<br><br>                      Respondent. | Civil Action No. 1:25-12783-CMC<br><br>**ORDER** |

      This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

      On October 10, 2025, the Magistrate Judge issued a Report recommending that the Petition be summarily dismissed. ECF No. 6. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed timely objections. ECF No. 8.

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)

(stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Magistrate Judge recommended dismissing this Petition as improperly filed under § 2241. The Petition should be filed pursuant to 28 U.S.C. § 2254, as it challenges whether his sentence is constitutional. ECF No. 6 at 3. The Report determined Petitioner has not satisfied the exhaustion requirements of either § 2241 or § 2254. *Id.* at 3-6. Finally, the Report asserts there is no legal authority for Petitioner's contention the district court has a constitutional duty to warn a defendant of the effect his conviction may have on future crimes. *Id.* at 6. The Report recommends the Petition be dismissed. *Id.* at 7.

Petitioner objected to the "improper recharacterization" of his Petition as one under § 2254, arguing he is not challenging the validity of his state conviction, but rather the federal court's failure to advise him of future consequences of his federal conviction at the time of his guilty plea. ECF No. 8 at 1. He requests his failure to exhaust be excused because his challenge cannot be remedied in the state courts. He also notes he has a direct appeal in the South Carolina court currently pending, and requests this action be stayed rather than dismissed. *Id.* at 2. Finally, he contends the Magistrate Judge erred in concluding Petitioner's claim lacks a constitutional basis, as the failure to notify a defendant of the future consequences of his conviction "violated his due process right to enter a knowing and voluntary plea." *Id.* at 3.

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Magistrate

Judge that this Petition, no matter how styled, should be dismissed. Whether Petitioner has exhausted remedies or not, his Petition fails on the merits.

The Fourth Circuit has held a defendant must be made aware of all the direct, but not collateral, consequences of his plea in order for the guilty plea to be constitutionally valid. *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012). "A consequence is collateral when it is uncertain or beyond the direct control of the court." *Id.* Here, as noted by the Magistrate Judge, Petitioner's decision to engage in further criminal activity after his federal conviction was uncertain at the time of his plea, and was certainly beyond the direct control of the court, as was the state court judge's decision when imposing his current sentence. The Fourth Circuit has considered the inverse, whether a guilty plea in state court might be used in a subsequent federal prosecution, and found that to be "plainly a collateral consequence." *United States v. Ayala*, 601 F.3d 256, 270 (4th Cir. 2010) ("The state and federal systems are separate and distinct, and the defendant need only be informed of the direct consequences he may face within the particular system.").[1]

---

[1] Even if a defendant was not advised of a consequence that has a bearing on a guilty plea, this is an issue of ineffective assistance of counsel, as it was defendant's counsel's responsibility to inform the defendant of direct consequences. *See Padilla v. Kentucky*, 559 U.S. 356 (2010).

3

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order as supplemented above, and this petition is dismissed without prejudice.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
October 23, 2025